JANET M. HEROLD
Regional Solicitor
DANIELLE L. JABERG (Cal Bar. # 256653)
Counsel for ERISA
ROSE DARLING (Cal. Bar # 243893)
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Tel.:  (415) 625-7744
Fax:  (415) 625-7772
Email:  darling.rose@dol.gov

Attorneys for Plaintiff,
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> RMRF ENTERPRISES, INC.; DANIEL J. SHAW; RMRF ENTERPRISES, INC. PROFIT SHARING PLAN <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.  3:15-cv-1453

**COMPLAINT** for violations of the Employee Retirement Income Security Act ("ERISA")

This action arises under Title I of the Employee Retirement Income Security Act of 1974

("ERISA"), as amended, 29 U.S.C. §§ 1001-1191c, and is brought by the Secretary of Labor

under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices

that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches

of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable

relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

<u>Jurisdiction and Venue</u>

1.     This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

2.     Venue of this action lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Defendant Daniel J. Shaw resides in Los Gatos, California, and the RMRF Enterprises, Inc. 401(K) Savings & Profit Sharing Plan was administered in Los Gatos, California, within this district.

<u>Parties</u>

3.     At all relevant times, the RMRF Enterprises, Inc. 401(K) Savings & Profit Sharing Plan (the "Plan") was an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4.     At all relevant times, RMRF Enterprises, Inc. (the "Company"), was a real estate brokerage company incorporated in California and located in Los Gatos, California; the sponsor and Plan Administrator of the Plan; a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

5.     At relevant times, Defendant Daniel J. Shaw ("Shaw") was an officer and owner of the Company and a Trustee of the Plan; exercised discretionary authority and control respecting the management and disposition of the Plan and its assets; exercised discretionary authority and responsibility in the administration of the Plan; was a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and was a

1   party in interest to the Plan within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§

2   1002(14)(A), (E) and (H).

3        6.     The Plan is named as a Defendant under Rule 19(a) of the Federal Rules of Civil

4   Procedure solely to ensure that complete relief can be granted.

5   Factual Allegations

6        7.     Paragraphs 1 through 6 above are realleged and incorporated herein by reference.

7        8.     The Plan was established effective September 1, 1994 by the Company to provide

8   benefits to its employees upon retirement.

9        9.     The Plan's governing documents identify Defendant Shaw and his spouse, Amber

10  Shaw, as the Plan's Trustees.

11       10.     The Plan's governing documents identify the Company as the Plan Administrator.

12       11.     At all relevant times, Defendant Shaw had authority over the Company's

13  corporate bank account(s).

14       12.     Between approximately January 2007 and December 2014, Defendants Shaw and

15  the Company caused the Plan to invest almost all of its assets in high-risk, hard-money loans

16  purportedly secured by deeds of trust ("trust deed investments").

17       13.     The Plan was one of many investors in the trust deed investments, which were

18  packaged and made to at least 50 different borrowers, some of whom were parties-in-interest to

19  the Plan.

20       14.     LG Servicing, Inc., a company affiliated with Defendants RMRF Enterprises and

21  a party in interest to the Plan under § 3(14) (G), 29 U.S.C. §§ 1002(14)(G), acted as the loan

22  servicer for the trust deed investments and received fees paid by the Plan for these investments.

23

24

15.     Defendants Shaw and the Company failed to maintain adequate records of the Plan's investments or monitor the performance of the Plan's trust deed investments.

16.     Defendants Shaw and the Company's trust deed investments resulted in lost-opportunity costs to the Plan in the amount of $152,000.00 through December 31, 2014.  The lost-opportunity costs continue to accrue.

Violations of ERISA

17.     By the conduct described in paragraphs 7 through 16 above, Defendants the Company and Shaw, acting in their fiduciary capacities:

(a)     failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b)     failed to act with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c)     caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect lending of money or other extension of credit between the Plan and a party in interest, in violation of ERISA Section 406(a)(1)(B),  29 U.S.C. § 1106(a)(1)(B);

(d)     caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

(e)     dealt with assets of the Plan in their own interests and acted on behalf of a party

1   whose interests are adverse to the interests of the Plan or the interests of its participants and

2   beneficiaries, in violation of ERISA Sections 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2);

3        (f)    participated knowingly in the breaches of fiduciary duty of other fiduciaries, in

4   violation of ERISA Section 405(a)(1), 29 U.S.C. § 1105(a)(1);

5        (g)    enabled another fiduciary to commit a breach of ERISA through failure to comply

6   with ERISA Section 404(a)(1), in violation of ERISA Section 405(a)(2), 29 U.S.C. § 1105(a)(2);

7   and

8        (h)    made no reasonable effort under the circumstances to remedy the breaches of

9   another fiduciary of which they had knowledge, in violation of ERISA Section 405(a)(3), 29

10   U.S.C. § 1105(a)(3).

11        18.    As a direct and proximate result of the breaches of fiduciary duties committed by

12   the Company and Shaw, as described in paragraphs 1 through 15 above, the Plan has suffered

13   losses, including lost-opportunity costs, for which the Defendants are jointly and severally liable

14   pursuant to ERISA § 409, 29 U.S.C. § 1109.

15   Prayer for Relief

16        WHEREFORE, the Secretary respectfully requests that the Court issue and Order

17   granting relief as follows:

18        A.    Ordering the Company and Shaw to restore to the Plan any losses, including lost-

19   opportunity costs, resulting from fiduciary breaches committed by them or for which they are

20   liable;

21        B.    Permanently enjoining the Company and Shaw from violating the provisions of

22   Title I of ERISA;

23

24

1        C.       Removing the Company and Shaw as fiduciaries of the Plan and permanently

2 enjoining Defendant Shaw from serving as a fiduciary of, or service provider to, any ERISA-

3 covered employee benefit plan;

4        D.       Awarding the Secretary the costs of this action;

5        E.       Awarding post-judgment interest; and

6        F.       Ordering such further relief as is appropriate and just.

7

8 Date:  March 30, 2015                    Respectfully submitted,

9                                    M. PATRICIA SMITH
Solicitor of Labor

10                                JANET M. HEROLD
11                                Regional Solicitor

12                                DANIELLE L. JABERG
Counsel for ERISA

13

14                          By: _____*/s/ Rose Darling*_____
ROSE DARLING
15                                Trial Attorney

16                          Attorneys for the Secretary
United States Department of Labor

17

18

19

20

21

22

23

24